**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ROBERT MILLER                                  :
    Plaintiff                                       :

v                                              :        Civil Action No. JFM-05-1909

BALTIMORE COUNTY SHERIFF, *et al.*             :
    Defendants                                     :
                        o0o

## MEMORANDUM

       Pursuant to this court's order of August 15, 2005, plaintiff has filed a reply to defendants' response to the show cause order. Paper No. 7. At issue in this case is the disposition of plaintiff's property, consisting mainly of documents, which are currently being held at Baltimore County Detention Center. Defendants have proffered to this court that the property has not been destroyed and that plaintiff may communicate through this court any arrangements regarding where the property should be sent. Paper No. 5. Upon review of the papers filed, this court finds that a hearing in this matter is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, plaintiff's request for injunctive relief shall be denied.

       Plaintiff was incarcerated at BCDC from April 9, 2004 to March 18, 2005, when his custody was transferred to the Maryland Division of Correction to begin serving a ten year sentence. Paper No. 5 at p. 1. Although plaintiff's property was transported with him, it was returned to the Detention Center because it was excessive.[1] Several attempts by plaintiff to have his property retrieved by a third party were unsuccessful. *Id*. at pp. 2–3. Officer Bayne, the property manager officer at the Detention Center, reviewed plaintiff's property on or about April 25, 2005, and discovered that it included "sensitive personal financial documents appearing to belong to various private citizens." *Id*. at p. 2. Among those documents was a Bank of America

---

[1] Plaintiff takes umbrage with this allegation and claims that the determination of whether he had too much property was not properly decided. Paper No. 7. The reason for the return of plaintiff's property, however, is not germane to the disposition of this claim.

corporate credit card. *Id*. When Officer Bayne contacted corporate offices in Charlotte, North Carolina, he was informed that the card had been deactivated and that it should be destroyed. *Id*. Based on that information, the card was destroyed as directed. *Id*. at Ex. 2. Officer Bayne contacted the Baltimore County Police Department regarding the remaining sensitive financial information found with plaintiff's property. *Id*. at Ex. 6. The property was then removed by Baltimore County Police Officer Rios on May 5, 2005. *Id*. The next day the property was returned with the exception of approximately 5% of the material, which was removed for purposes of investigating whether it constituted evidence that plaintiff had engaged in illegal activities during his incarceration at the Detention Center. *Id*. at Ex. 2 and 6. That portion of the property is still being held by the economic crimes unit of the Baltimore County police department.

      Plaintiff's remaining property is still being held by the Detention Center personnel. Counsel for defendants has indicated that it will not be destroyed and that plaintiff need only provide direction for its return. *Id*. at p. 5. In his reply, plaintiff has stated that the property should be sent to the prison where he is currently incarcerated, Roxbury Correctional Institution.[2] Paper No. 7. He further seeks to amend the complaint to include a claim under the Local Government Tort Claims Act. *Id*. at p. 14. Plaintiff alleges that defendants wrongfully confiscated a portion of his property and that destruction of the credit card was improper. In addition, he claims that deprivation of his legal papers has hindered his ability to pursue his criminal appeal. *Id*. at pp. 9–10.

      It is clear that plaintiff is not entitled to the injunctive relief he seeks in his complaint. The only reason plaintiff's property has not been returned is his failure to make proper arrangements for its return. There has been no discernible attempt by defendants to thwart

---

[2] He has not indicated whether he is willing to pay the postage for the return of his property to RCI, or whether RCI would accept the property, now that it has been reduced in volume.

plaintiff's access to courts or to otherwise encumber his constitutional rights.  *See Bannan v. Angelone*, 962 F. Supp. 71, 73-4 (W. D. Va. 1996) (absent evidence that other protected rights are implicated, correctional officials may disallow possession of personal property).  Injunctive relief may only be granted if plaintiff can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood that plaintiff will succeed on the merits; and (iv) the public interest will be served if the injunction is granted.  *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). The evidence in this case has established that defendants have attempted to cooperate with plaintiff to make arrangements for the disposition of his property.   Accordingly, there is no basis for injunctive relief in this case.

Plaintiff's claim with respect to the property that was destroyed does not state a federal claim: therefore, his motion to amend the complaint to include a claim for damages will be denied.   In cases such as this, all the Due Process Clause requires is the availability of an adequate post-deprivation remedy.  *Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).  Maryland's Tort Claims Act provides such a remedy.  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).  Plaintiff may pursue a remedy for the destruction or damage to his property in state court.  The complaint will therefore be dismissed without prejudice by separate order which follows.


<u>September 12, 2005</u>       <u>/s/                                         </u>
Date                            J. Frederick Motz
                                United States District Judge